IN THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

SHARON LASSETER,

**Plaintiff,**

vs.

CASE NO.: 18-CC-25984

DIVISION:          F

DIVERSIFIED CONSULTANTS, INC.,

**Defendant,**

---

## STATEMENT OF CLAIM
## JURY DEMAND

Plaintiff, SHARON LASSETER, by and through the undersigned counsel, sues the

Defendant, DIVERSIFIED CONSULTANTS, INC, for damages, and as grounds thereof states

as follows:

### NATURE OF ACTION

1.      This is an action for actual, statutory, and punitive damages, attorney's fees and

costs brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq.

("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA") which

exceeds $5,000.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. §

1692k(d), Fla. Stat. § 47.051, and supplemental jurisdiction exists for the state law claims

pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and §

2202.

3.      Venue properly lies in this District of Florida because (a) the violations addressed within this Complaint occurred substantially or completely within this District, (b) Plaintiff resides in this District, and (c) Defendant solicits and transacts business in this District.

## THE PARTIES

4.      At all times material hereto, Plaintiff was and is a natural person residing in Florida at all times material to this action.

5.      At all times material hereto, Plaintiff was and is a consumer as defined by 15 U.S.C. § 1692a(3), 47 U.S.C. § 227(a)(2), and Fla. Stat § 559.55(8).

6.      At all times material hereto, Defendant was and is a corporation registered with the State of Florida, which maintains its principal place of business in Jacksonville at all times material to this action.

7.      At all times material hereto, Defendant was and is a collection firm operating from an address of 10550 Deerwood Park Blvd, Suite 309, Jacksonville, FL 32256, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), 47 U.S.C. § 227(b)(1)(B), and Fla. Stat. § 559.55(7).

8.      At all times material hereto, Defendant was and is conducting substantial business in the State of Florida.

9.      At all times material hereto, Defendant has maintained a registered agent in the State of Florida: John Crawford, 1200 Riverplace Blvd, Suite 800, Jacksonville, FL 32207.

10.      At all times material hereto, Defendant was and is engaged, by regular, direct and indirect use of instrumentalities of interstate commerce including the United States mail service and telephone, in attempting to collect an alleged debt from Plaintiff as defined by 15 U.S.C. § 1692a(5), 47 U.S.C. § 227(b)(1)(B), and Fla. Stat. § 559.55(2).

11.     At all times material hereto, Defendant's principle business was and is servicing and collecting consumer debts by use of United States mail and telephone and is, therefore a debt collector as defined by 15 U.S.C. § 1692a(6), 47 U.S.C. § 227(b)(1)(A)(iii), and Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12.     Plaintiff incurred an alleged financial obligation to the original creditor, Sprint, arising from a credit account, constituting a debt as defined by 15 U.S.C. § 1692a(5), 47 U.S.C. § 227(b)(1)(B), and Fla. Stat § 559.55(6) (hereinafter referred to as "debt").

13.     The aforementioned alleged debt constitutes a transaction or transactions in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1692a(5), 47 U.S.C. § 227(b)(1)(B), and Fla. Stat § 559.55(6).

14.     Defendant sought to collect the above-referenced alleged debt from Plaintiff for and on behalf of Sprint.

15.     On or about 4/11/2018, Plaintiff clearly and without question as to interpretation, demanded Defendant to cease communications by telling Defendant's representative on the telephone initiated by Defendant stating "Do not call me again."

16.     Subsequently, on or about 4/17/2018, the Defendant mailed a collection letter to the Plaintiff (see Exhibit "A").

17.     Beginning on or about 4/11/2018, through the date of this Complaint, Defendant, made four (4) explicitly unauthorized phone calls to Plaintiff's work and cell phone (see table below; see also Exhibit "B"):

| Date | Time Called | Telephone Number Received | Telephone Number Called |
|------|-------------|---------------------------|-------------------------|
| 4/11/2018 | 8:23 AM | 813-471■■ | 813-544-0008 |
| 4/11/2018 | 8:28 AM | 727-464■■ | 727-263-2023 |
| 4/17/2018 | 8:59 AM | 813-471■■ | 813-544-4085 |
| 4/17/2018 | 4:43 PM | 813-471■■ | 813-544-4085 |

## COUNT I - VIOLATION OF
## FDCPA, 15 U.S.C. § 1692(d)

19.     Plaintiff hereby re-alleges and incorporates paragraphs one (1) through seventeen (17) as if fully set forth herein.

20.     15 U.S.C. § 1692(d) prohibits a debt collector from engaging in any conduct of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

21.     Defendant by and through its authorized agents, intentionally violated 15 U.S.C. § 1692(d) by repeatedly calling Plaintiff with the intent to annoy, abuse, or harass.

22.     Beginning on or about 4/11/2018 through 4/17/2018, Defendant made four (4) unauthorized phone calls to Plaintiff. (see Exhibit "A").

23.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

24.     15 U.S.C. § 1692k authorizes an award of damages from any debt collector who fails to comply with any provisions of 15 U.S.C. § 1692 equal to any actual damages caused as well as damages up to $1,000.00 plus reasonable attorney's fees and costs.

25.     Plaintiff is obligated to pay the undersigned attorney's reasonable costs and fees for their services.

**WHEREFORE,** Plaintiff demands trial by jury, judgment against Defendant for statutory damages in the amount of $1,000.00, plus pre-judgment interest, post-judgment interests, costs and attorney's fees.

## COUNT II - VIOLATION OF
## TCPA, 47 U.S.C. § 227(b)(1)

26.     Plaintiff hereby re-alleges and incorporates paragraphs one (1) through seventeen (17) as if fully set forth herein.

27.     47 U.S.C. § 227(b)(1) prohibits any person to make or initiate any unauthorized call using any automatic telephone dialing system or artificial or pre-recorded voice to any cellular telephone service.

28.     Defendant by and through its authorized agents, intentionally violated 47 U.S.C. § 227(b)(1) by repeatedly making unauthorized calls to Plaintiff's cell and work phone (see table above; also see Exhibit "A").

29.     Beginning on or about 4/11/2018 through 4/17/2018, Defendant made four (4) unauthorized phone calls to Plaintiff's cell and work phone using an automatic telephone dialing system or a prerecorded voice (see Exhibit "A").

30.     Defendant demonstrated willful or knowing non-compliance with 47 U.S.C. 227(b)(1) after receiving Plaintiff's 4/11/2018 demand to cease telephone communications.

31.     47 U.S.C. § 227(b)(3) authorizes recovery of $500.00 in damages for each violation of 47 U.S.C. § 227(b)(1). It further authorizes the increase of said recovery to an amount equal to not more than 3 times that amount if the Court finds that the defendant willfully or knowingly violated this subsection.

**WHEREFORE,** Plaintiff demands judgment against Defendant for statutory damages in the amount of $1,500.00 for each violation.

Dated this 11th of May, 2018.

**Michael Tierney, P.A.**
Michael Tierney, Esquire
Florida Bar No.:643475
2433 Lee Road
Winter Park, Florida 32789-1806
Tel: (407) 740-0074
Attorney for Plaintiff, SHARON LASSETER